1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    CARLVIN JUSTICE,

11              Plaintiff,                          No. C 13-01135 WHA

12       v.

13    UNITED STATES,                                **ORDER GRANTING
                                                    MOTION TO DISMISS**
14              Defendant.

15    ———————————————————/

16                              **INTRODUCTION**

17         In this action against the United States arising out of a local tax default on real estate,

18    defendant moves to dismiss plaintiff's complaint for lack of federal subject-matter jurisdiction,

19    among other reasons.  For the reasons stated below, defendant's motion to dismiss is **GRANTED**.

20                              **STATEMENT**

21         Plaintiff Carlvin Justice received a letter from municipal authorities in February 2011

22    stating that the property at 1701 62nd Street, Berkeley, California, was in default on the payment

23    of real estate taxes.  In his complaint, plaintiff makes no claims of ownership or any legally

24    protected interest in the property.  Shortly after receiving the letter of default, plaintiff spoke

25    with "tax collector" Elvia Quiroga to inform her that the default was entered in error and should

26    be removed.  Ms. Quiroga refused to do so.  Plaintiff then visited the office of the assessor and

27    spoke with a clerk who informed plaintiff that an asset determination on the parcel had been

28    triggered in 2006.  Plaintiff proceeded to the county supervisor's office where a clerk told

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

1  plaintiff he could not file protest hearing documents with the county supervisor but that he

2  could file for a refund.

3      In March 2013, plaintiff spoke with an aide to the county supervisor who reviewed

4  plaintiff's protest hearing documents and informed plaintiff that no taxes were paid on the

5  property from the years 2000 to 2006 and that plaintiff did not have standing to contest the

6  default.  Shortly thereafter, plaintiff commenced this action against defendant United States

7  seeking declaratory relief.  This action arises out of taxes assessed by the municipality, not by

8  the federal government.  Nowhere in the complaint does plaintiff explain the role of defendant

9  United States in this matter.  Plaintiff prays for a redetermination of the deficiency of taxes

10  alleged against the property as well as a certificate releasing the property from the lien imposed

11  by the state.

12      A noticed hearing was held on this motion on July 25, 2013.  When the case was called,

13  plaintiff was not present.  The case was slipped to later in the calendar to give plaintiff a further

14  chance to appear.  When the case was called again plaintiff still did not appear.  In the meantime,

15  government counsel called plaintiff who confirmed that he would not be appearing for reasons

16  stated near the end of this order.

**ANALYSIS**

18      To survive a motion to dismiss, a complaint must contain sufficient factual matter,

19  accepted as true, to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556

20  U.S. 662, 663 (2009).  A claim is facially plausible when there are sufficient factual allegations

21  to draw a reasonable inference that the defendant is liable for the misconduct alleged.  While a

22  court "must take all of the factual allegations in the complaint as true," it is "not bound to accept

23  as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

24  544, 555 (2007).  "[C]onclusory allegations of law and unwarranted inferences are insufficient

25  to defeat a motion to dismiss for failure to state a claim."  *Epstein v. Wash. Energy Co.*, 83 F.3d

26  1136, 1140 (9th Cir. 1996) (citation omitted).  *Pro se* complaints are held to less stringent

27  standards than complaints drafted by attorneys.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

28

Defendant's motion to dismiss must be granted because the complaint:  (1) fails to establish that plaintiff has standing to bring this action, (2) does not state why plaintiff is entitled to declaratory relief, and (3) fails to establish federal subject-matter jurisdiction under 28 U.S.C. 1331.  The complaint must also be dismissed because plaintiff failed to properly serve defendant. Each deficiency will now be considered in turn.

### 1.   PLAINTIFF INSUFFICIENTLY SERVED DEFENDANT.

In order to properly serve defendant United States, plaintiff must (1) deliver a copy of the summons "to the United States attorney for the district where the action is brought . . . [or] send a copy of each by registered or certified mail to the civil process clerk at the United States attorney's office" and (2) "send a copy of each by registered or certified mail to the Attorney General of the United States."  Rule 4(i)(1)(A)(i–ii), (B).  Plaintiff properly served the United States attorney, however, he failed to serve his complaint on the Attorney General and therefore his complaint must be dismissed pursuant to Rule 12(b)(5).  This order assumes that in due course plaintiff could cure this problem by proper service.

### 2.   PLAINTIFF HAS NOT ESTABLISHED STANDING TO BRING THIS ACTION.

District courts must examine the following factors to determine whether plaintiffs have constitutional standing:

> First, the plaintiff must have suffered an "injury in fact" — an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Third, it must be "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal edits, quotations, and citations omitted).  On a motion to dismiss, "general factual allegations of injury resulting from defendant's conduct may suffice."  *Id.* at 561.

In its motion, defendant contends that plaintiff has not suffered an "injury in fact" and therefore does not have standing to bring this action (Dkt. No. 17 at 3).  This order agrees.

3

**United States District Court**
For the Northern District of California

Nowhere in the complaint does plaintiff make any cognizable claim as to his interest in the property. As such, there is no "injury in fact" because plaintiff has no legally protected interest.

This problem might possibly be cured by amendment, but the problems next addressed would not be curable by amendment.

### 3. PLAINTIFF HAS NOT STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Rule 8(a)(2) requires plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint fails to meet this pleading standard. The complaint repeatedly states *that* plaintiff is entitled to relief, but it must explain *why* he is entitled to relief. At the very least, plaintiff had to demonstrate that (1) he had a legally-protected interest in the property and (2) that the tax default was recorded in error, not to mention explain why the United States has been sued properly. As it stands now, the complaint does not permit the inference that the United States improperly assessed the default. Again, this is a local tax dispute; the United States has no role in this matter. In the Court's judgment, this problem is hopelessly incurable.

### 4. PLAINTIFF HAS FAILED TO ESTABLISH FEDERAL SUBJECT-MATTER JURISDICTION.

The complaint cites 28 U.S.C. 1346(a)(1) and 28 U.S.C. 7429(b) in an attempt to establish federal subject-matter jurisdiction. Neither statute is applicable here. Section 1346(a)(1) states that the district courts have original jurisdiction over:

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

This statute refers to controversies that arise under *federal* taxes. The lien placed on the property is evidently a result of unpaid *state* taxes. Similarly, Section 7429(b) grants district courts jurisdiction in jeopardy assessments of *federal* taxes. Plaintiff cannot demonstrate that the lien occurred as the result of some federal tax, and therefore these statutes do not provide federal subject-matter jurisdiction.

**United States District Court**
For the Northern District of California

1    The complaint also states that the present action has "diversity jurisdiction in the

2    amount over $75,000" (Compl. ¶ 2).  While plausible that the amount in controversy is over

3    the jurisdictional amount of $75,000, plaintiff cannot establish that he is diverse from defendant

4    United States under the rules of 28 U.S.C. 1332.  Diversity jurisdiction is inapplicable here.

5    Defendant additionally contends that federal subject-matter jurisdiction is lacking

6    because the government has not waived its sovereign immunity.  This order agrees.  "It is well

7    settled that the United States is a sovereign and, as such, is immune from suit unless it has

8    expressly waived such immunity and consented to be sued."  *Gilbert v. DaGrossa*, 756 F.2d

9    1455, 1458 (9th Cir. 1985).  A court should dismiss a plaintiff's claim where there is no federal

10   subject-matter jurisdiction, including actions where the federal government is a defendant and

11   there is no explicit waiver of sovereign immunity.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

12   Taxpayers have the burden of showing that the United States has unequivocally waived its

13   sovereign immunity.  *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987).  The complaint

14   makes no mention of defendant's sovereign immunity.  In plaintiff's opposition, he states that

15   "sovereign immunity has been waived" (Dkt. No. 25 at 2).  But he provides no support for this

16   conclusory statement.  As such, plaintiff has failed to demonstrate that the United States has

17   waived its sovereign immunity.  In the Court's judgment, this problem is hopelessly incurable.

18                                   **LATE FILING RE JURISDICTION**

19   Before concluding this order, it is worthwhile to acknowledge that two days before the

20   hearing, plaintiff filed a "notice for direct appeal," stating that "this case is now being routed to

21   the jurisdiction of UNITED STATES Supreme Court's [sic]" and stating that "there is no reason

22   for any further appearances before WHA," the initials of the assigned judge (Dkt. No. 31 at 1–2).

23   The filing went on to attack the United States Attorney's Office and to say uncomplimentary

24   generalities about the assigned judge, stating at one point that "the case must now be sent to the

25   judiciary committee for impeachable offenses, or later tried before a jury or grand jury" (*id.* at

26   3).

27   This largely incomprehensible filing will be treated as an attempted direct appeal to the

28   Supreme Court and/or to the Senate Judiciary Committee.  In either case, it is so baseless, as a

procedural matter, that it may be and will be ignored. *Marks v. Clarke*, 102 F.3d 1012, 1018 n.8 (9th Cir. 1996) (citing *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)).  Plaintiff is advised, however, that for the reasons stated above, his case is now over in the district court, that his procedurally correct next step would be to appeal to the court of appeals (not the Supreme Court or Senate Judiciary Committee) and that he take care to perfect his appeal.

### CONCLUSION

Defendant's motion to dismiss is **GRANTED** and plaintiff's claims are **DISMISSED WITH PREJUDICE**.  Judgment will now be entered against plaintiff, who should be mindful of the deadlines involved in taking appeal.

**IT IS SO ORDERED.**

Dated:   July 25, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California